Charles Duane EDMONSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 725–97.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 10, 1997.

Keith S. Hampton, Cynthia L. Hampton, Austin, for appellant.

Eugene D. Taylor, County Attorney, Michelle B. Carmona, Asst. County Attorney, Georgetown, Matthew Paul, State's Atty., Austin, for State.

*OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW*

PER CURIAM.

A jury convicted Appellant of selling alcoholic beverages to a minor. The trial court assessed punishment at six months community supervision. The Court of Appeals reversed the conviction and remanded for a new trial. *Edmonson v. State,* 943 S.W.2d 211 (Tex.App.—Austin 1997).

In his first point of error to the Court of Appeals, Appellant challenged the legal sufficiency of the evidence to support the conviction. In his third point of error Appellant argued that the trial court erred in excluding relevant evidence. The Court of Appeal agreed with Appellant in regard to his third point of error and found that the trial court erred in excluding relevant evidence. *Edmonson,* 943 S.W.2d at 214. The Court of Appeals concluded that the exclusion of the evidence was harmful to the Appellant because it effectively deprived Appellant of his defense. The Court of Appeals therefore reversed Appellant's conviction and remanded for a new trial. *Id.* at 215. The Court of Appeals then determined that because of the disposition of Appellant's third point of error, it need not address the remaining points raised by the Appellant. *Id.* at 216. The Court of Appeals wholly failed to conduct a sufficiency review as required by *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), and this Court's opinions in *Roberson v. State,* 810 S.W.2d 224 (Tex.Cr.App.1991), and *Rains v. State,* 604 S.W.2d 118 (Tex.Cr.App. 1980).

Therefore, this Court summarily grants Appellant's petition for discretionary review and remands this cause for a determination of Appellant's first point of error.