**Charles Duane EDMONSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 03–95–00536–CR.**

Court of Appeals of Texas,
Austin.

Nov. 6, 1997.

Keith S. Hampton, Austin, for Appellant.

Eugene D. Taylor, Williamson County Atty., Michelle Burke Carmona, Asst. County Atty., Austin, for Appellee.

Before CARROLL, C.J., and KIDD and B.A. SMITH, JJ.

**ON REMAND**

CARROLL, Chief Justice.

A jury convicted appellant, Charles Duane Edmonson, of selling alcoholic beverages to a

minor. *See* Tex. Alco. Bev.Code Ann. § 106.03(a) (West 1995). Edmonson appealed his conviction by six points of error. In point of error one, Edmonson challenged the legal sufficiency of the evidence supporting his conviction. In point of error three, Edmonson challenged the trial court's refusal to admit certain evidence. This Court addressed point of error three, reversed the conviction, and remanded the cause for a new trial, overlooking Edmonson's first point of error. *Edmonson v. State,* 943 S.W.2d 211 (Tex.App.—Austin 1997). The Texas Court of Criminal Appeals reversed our judgment with instructions to address Edmonson's first point of error. *Edmonson v. State,* 951 S.W.2d 6 (Tex.Crim.App. 1997). After doing so, we reach the same conclusion we did on original submission.

## DISCUSSION

A person commits an offense if with criminal negligence the person sells an alcoholic beverage to a minor. Tex. Alco. Bev.Code Ann. § 106.03(a). A person is criminally negligent who fails to perceive a specific risk and whose failure constitutes a gross deviation from the standard of care that an ordinary person would exercise under the circumstances. Tex. Penal Code Ann. § 6.03(d) (West 1994).

■ Edmonson admits he sold alcohol to B.W., a minor. He contends in point of error one, however, that the evidence is legally insufficient to support a finding that he acted *with criminal negligence* when he did so. In assessing the legal sufficiency of the evidence, we must view the evidence in the light most favorable to the State and determine whether any rational trier of fact could have found the essential element of the crime beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Griffin v. State,* 614 S.W.2d 155 (Tex.Crim.App.1981).

■ We measure the evidence by the elements of the offense as defined by the hypothetically correct jury charge for the case.

*Malik v. State,* 953 S.W.2d 234, 238 (Tex. Crim.App.1997). The offense at issue here has two elements: (1) sale of an alcoholic beverage to a minor, and (2) with criminal negligence. Tex. Alco. Bev.Code Ann. § 106.03(a) (West 1995). Because the culpable mental state for the crime is criminal negligence, the State was required to allege and prove the means by which Edmonson committed the offense. *See* Tex.Code Crim. Proc. Ann. art. 21.15 (West 1989). The State alleged that Edmonson committed criminal negligence when he failed to require B.W., the minor, to display valid age identification.[1]

■ Viewing the evidence through the appropriate prism and in light of the jury charge, we conclude the evidence is legally sufficient to support the conviction. The State offered a photograph of B.W. in evidence. The jury could rationally have concluded that B.W. appeared so young that Edmonson's failure to perceive the risk that he was underage and request identification was a gross deviation from the standard of care an ordinary person would exercise. Edmonson argued his failure to request identification was reasonable because B.W. had presented him apparently valid identification to buy alcohol on previous occasions. B.W., however, testified that he had never before presented Edmonson with identification. The court did not admit any other evidence bearing on whether B.W. had presented identification to Edmonson before the night of the offense. The jury could reasonably have believed B.W. and disregarded Edmonson's testimony. The photograph and B.W.'s testimony constitute evidence legally sufficient to prove beyond a reasonable doubt that Edmonson acted with criminal negligence on the night of the offense when he failed to ask B.W. for identification. Accordingly, we overrule Edmonson's first point of error.

## CONCLUSION

Although we overrule Edmonson's legal sufficiency point, we have previously sus-

---

1. Edmonson argues in his supplemental brief that the State prosecuted him on the theory that his failure to request identification constituted criminal negligence per se. We disagree. The State prosecuted him on the theory that he acted with criminal negligence *by* failing to request identification, not *because* he failed to request identification.

tained Edmonson's challenge to an evidentiary ruling the trial court made. *See Edmonson*, 943 S.W.2d at 214–15. Moreover, we have previously determined that the trial court's error harmed Edmonson. *Id.* For the reasons stated in our previous opinion, we reverse the judgment of conviction and remand the cause for a new trial.