The STATE of Texas, Appellant,

v.

Jim VANDERBILT, Appellee.

No. 09–96–202 CR.

Court of Appeals of Texas,
Beaumont.

Submitted June 18, 1998.
Decided Oct. 7, 1998.
Rehearing Overruled Oct. 22, 1998.

Douglas M. Barlow, Layne Walker, Beaumont, for state.

C. Haden Cribbs, Jr., Beaumont, Steve C. Losch, Longview, for appellee.

Before BURGESS, STOVER and HILL,[1] JJ.

## OPINION ON MOTION FOR REHEARING

JOHN HILL, Justice.

■ Upon motion for rehearing, Vanderbilt reminds us of his contention that it would be a violation of his right to counsel under the Sixth and Fourteenth Amendments of the United States Constitution to deny him

1. The Honorable John Hill, sitting by assignment pursuant to Tex. Gov't Code Ann. § 74.003(b) (Ver-    non 1988).

the right to a new trial on guilt or innocence because he did not have counsel between July 13, 1993, when the Fifth Circuit issued its mandate granting him a new trial on punishment, and September 1, 1993, the date as of which he was no longer entitled to a new trial on guilt or innocence. He argues that if he had counsel at that time and if his counsel had requested a new trial on guilt or innocence during that time, he would have been entitled to that trial. He states that when a significant right can be forfeited by inaction under state law, the defendant has a right to the assistance of counsel to protect it.

Whether Vanderbilt had counsel or not, it is unreasonable to expect that he would have been afforded a new trial on guilt or innocence between July 13, when the Fifth Circuit mandate was issued, and September 1, when the statute denying him a trial on guilt or innocence became effective. We believe, therefore, that it is fair to say that Vanderbilt lost his right to a new trial on guilt or innocence as a result of the act of the state legislature in abolishing that right and the short time between the date of the Fifth Circuit mandate and the effective date of the legislation abolishing that right, not because he was without counsel during that time period. Consequently, we hold that Vanderbilt was not deprived of a new trial as to his guilt or innocence as a result of any deprivation of his right to counsel under the Sixth and Fourteenth Amendments of the United States Constitution.

Vanderbilt relies upon *Knox v. State*, 934 S.W.2d 678, 680 (Tex.Crim.App.1996) and *Bradford v. State*, 873 S.W.2d 15, 23 n. 4 (Tex.Crim.App.1993) as support for his contention that if he had counsel prior to September 1 who had requested a new trial on guilt or innocence, he would have been entitled to such a new trial. We have examined both cases and find that neither supports Vanderbilt's assertion that he would have been entitled to a new trial after September 1, the effective date of the statute, as a result of requesting such a new trial prior to September 1.

Vanderbilt also asserts that our opinion is in direct conflict with that of *Faulder v. State*, 745 S.W.2d 327, 330 (Tex.Crim.App. 1987). In that case the court held that the defendant, who had not raised the issue of the sufficiency of the evidence at a former trial, could raise it by collateral attack. *Id.* We find that our opinion is not in conflict with *Faulder*. In *Faulder*, after finding that the evidence at trial was sufficient, the court overruled his point of error based upon double jeopardy. *Id.* Likewise, we have rejected Vanderbilt's pleas of double jeopardy and collateral estoppel because we have held that the evidence at Vanderbilt's first trial was sufficient to support the jury's finding on the issue of future dangerousness.

We also held that the State was not precluded from trying Vanderbilt again because there had not previously been a jeopardy-terminating event. We relied upon the opinion of the United States Supreme Court in *Richardson v. United States*, 468 U.S. 317, 325, 104 S.Ct. 3081, 3086, 82 L.Ed.2d 242, 250–51 (1984). In *Lofton v. State*, 777 S.W.2d 96 (Tex.Crim.App.1989), the court, relying on *Richardson*, held that the trial court did not err in denying the defendant's motion seeking to bar a second trial where a jeopardy-terminating event had not occurred. *Id.* at 97. The court noted that the fact that one might have the right to collaterally raise the issue of double jeopardy based upon the insufficiency of the evidence at a former trial did not mean that one was entitled to relief based upon double jeopardy where there had not been a jeopardy-terminating event. *Id.* The court noted that, based upon the fact that circumstances in *Faulder* were different, it was not deciding whether *Faulder* was correct. *Id.* at n. 2. We hold that even if *Faulder* is still correct, Vanderbilt was not entitled to relief based upon double jeopardy at the trial court because there has not been a jeopardy-terminating event and because the evidence is sufficient to support the first jury's finding of future dangerousness.

Next, Vanderbilt contends that our reliance on *United States v. Miller*, 952 F.2d 866 (5th Cir.1992) was misplaced because it conflicts with *Edmonson v. State*, 951 S.W.2d 6 (Tex.Crim.App.1997). These two cases do appear to be in conflict as to whether the Double Jeopardy Clause requires an appel-

late court to consider a claim that the evidence is insufficient where it reverses the case on other grounds. *See Miller,* 952 F.2d at 874, and *Edmonson,* 951 S.W.2d at 6. However, if Vanderbilt contends that we erred in holding that the appellate court's failure to fulfill that duty does not mean that he is entitled to double jeopardy relief, neither case is authority for such a conclusion. We believe that this is especially true where, as here, the evidence is in fact sufficient.

■ In his brief on original submission, Vanderbilt acknowledges that there is evidence that "he got into his white Chevrolet, drove over around the area of Palo Duro High School, and saw a girl sitting in a red station wagon." He further acknowledges in his brief that there is evidence that "he got out of his car with his gun, walked over to the red station wagon, pointed the weapon at Moyer and entered her car on the passenger side." Nevertheless, he contends this Court inaccurately described the facts when we stated that Vanderbilt went armed to a high school. He then asserts that there is no evidence that he intended to arm himself or drive to the high school. We first note that our description of the facts is not at variance either with the evidence or the evidence as described in Vanderbilt's brief on original submission. Also, a jury may infer a defendant's intent from his or her conduct. *See Alvarado v. State,* 912 S.W.2d 199, 208 (Tex. Crim.App.1995). Therefore, given that Vanderbilt drove to the high school and did arm himself, a rational jury could reasonably conclude from the evidence as we outlined it in our original opinion that he intended to do both.

Vanderbilt further insists that we erred in our holding that the evidence is sufficient to support the finding of future dangerousness made by the jury in his first trial. We disagree, for the reasons set forth in our original opinion. We overrule Vanderbilt's motion for rehearing.