In re Lee Roger Simpson, Jr.














IN THE
TENTH COURT OF APPEALS
 

No. 10-00-167-CV

IN RE LEE ROGER SIMPSON, JR.
 

                                                                                                               

MEMORANDUM OPINION
                                                                                                                

      Lee Roger Simpson, Jr. filed a petition for writ of mandamus with this Court alleging that
he has been denied access to legal resources, namely certain exhibits used against him in his
1993 criminal trial, by the respondent, the Honorable Charles E. Lance. Simpson contends
that the respondent has refused every demand to produce these exhibits.
      We have no written order or other evidence of the proceedings below to indicate that the
trial court refused to grant Simpson’s requested relief. Tex. R. App. P. 52.3(j)(1)(A); see also
Axelson, Inc. v. McIlhaney, 798 S.W.2d 550, 556 (Tex. 1990). On the record presented to us
in this original proceeding, we cannot infer a refusal of the trial court to act. Therefore,
Simpson’s petition for writ of mandamus is denied. 
                                                                   PER CURIAM
 
Before Chief Justice Davis,
      Chief Justice McDonald (Retired), and
      Justice Gray
Writ denied
Opinion delivered and filed May 17, 2000
Do not publish



160;                                          Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 249th District Court
Johnson County, Texas
Trial Court # F34840
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      After a jury trial, Gary Lyn Black (“Black”) was convicted of burglary of a habitation and
injury to a child. He was sentenced to fifteen years’ imprisonment for burglary and,
consecutively, two years’ imprisonment for injury to a child. In his first two issues, Black
challenges the legal and factual sufficiency of the evidence to sustain each conviction. In his
third and fourth issues, he asserts that the court erred by denying his request for a jury
instruction on the lesser-included offense of assault and by allowing certain arguments by the
State, which Black contends were improper. Because we find that the court’s failure to include
the lesser-included-offense jury instruction on assault was harmful error, we will reverse the
judgment and remand the cause to the trial court for a new trial on the burglary conviction, but
we will affirm the judgment as to the injury to a child conviction.
BACKGROUND
      On the evening of October 16, 2000, Black went to the home of his former wife, Janie
Black England,


 claiming that she was in possession of his property. At the time, Janie lived
in a mobile home with her boyfriend, Charles England, her daughters, Alicia and Elizabeth
Black, and A.T., who is her grandson by her daughter, Jeanie Schulz. According to the
testimony of Janie, Elizabeth, and Charles, Black kicked the door and forced it open. They
said that he did not knock nor was he invited in. All three witnesses said that Charles had been
sitting in a recliner near the front door with two-year-old A.T. on his lap. Each testified that
when Black burst into the home, he shouted at, punched, and hit Charles. According to these
three witnesses, during the fight either Black pushed A.T. onto the floor or Charles dropped
him, and A.T. hit his head and cried. The incident left A.T. with scratches, scrapes, and a
knot on his head. Janie testified that she went out the back door with Elizabeth and A.T. to
call 9-1-1. She said that during the 9-1-1 phone call, she saw Janice Berriochoa, Black’s
girlfriend, get out of a car parked near the driveway. Janie said that Berriochoa entered the
house through the front door, and then Black and Berriochoa left before the police arrived.
      Berriochoa testified for the defense. She said that she drove Black to Janie’s mobile home
near dusk on October 16. She said that she and Black walked up the front steps together, and
Black knocked on the door. She said that she heard a voice say, “Come in.”


 She remained
outside on the steps while Black entered the home. Although she did not see what occurred
inside the home, she testified that she heard footsteps and arguing. She said the altercation
lasted for five seconds before she grabbed Black’s arm and they left together.
LEGAL AND FACTUAL SUFFICIENCY
      In his first and second issues, Black challenges the legal and factual sufficiency of the
evidence to support his convictions for burglary and injury to a child. We will address the
legal sufficiency first, because he is entitled to an acquittal if the evidence was legally
insufficient. See Edmonson v. State, 951 S.W.2d 6, 6 (Tex. Crim. App. 1997) (per curiam). 
In assessing the legal sufficiency of the evidence to support a conviction, we consider all the
evidence in the light most favorable to the prosecution and determine whether, based on that
evidence and reasonable inferences therefrom, any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Holberg v. State, 38 S.W.3d 137,
139 (Tex. Crim. App. 2000) (citing Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct.
2781, 2788-89, 61 L.Ed.2d 560 (1979)). We are in the position of a final, due process
safeguard, ensuring only the rationality of the factfinder. Moreno v. State, 755 S.W.2d 866,
867 (Tex. Crim. App. 1988).
      In reviewing a challenge to the factual sufficiency of the evidence, we begin with the
assumption that the evidence is legally sufficient. See Santellan v. State, 939 S.W.2d 155, 164
(Tex. Crim. App. 1997). We must view all the evidence without the prism of the “in the light
most favorable to the prosecution” construct. See Clewis v. State, 922 S.W.2d 126, 129 (Tex.
Crim. App. 1996). We ask “whether a neutral review of all the evidence, both for and against
the finding, demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the jury’s determination, or the proof of guilt, although adequate if taken alone,
is greatly outweighed by contrary proof.” Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000); see also Goodman v. State, 66 S.W.3d 283, 285 (Tex. Crim. App. 2001).
       We must also remain cognizant of the factfinder’s role and unique position—one that the
reviewing court is unable to occupy. Johnson, 23 S.W.3d at 9. The jury determines the
credibility of the witnesses and may “believe all, some, or none of the testimony.” Chambers
v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). It is the jury that accepts or rejects
reasonably equal competing theories of a case. Goodman, 66 S.W.3d at 287. A decision is
not manifestly unjust as to the accused merely because the factfinder resolved conflicting views
of evidence in favor of the State. Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App.
1997).
Burglary of a Habitation
      Black argues that the evidence is neither legally nor factually sufficient to prove burglary
of a habitation, because the State did not prove that Charles England was the owner of the
habitation as alleged in the indictment. The indictment alleged that on or about October 16,
2000, Black did “intentionally or knowingly, without the effective consent of Charles England,
the owner thereof, enter a habitation with intent to commit assault . . . and did attempt to
commit or commit assault.” Tex. Pen. Code Ann. § 30.02(a)(1) (Vernon 2003). Black
argues that because Janie Black had title to the mobile home and her adult son owned the
property on which it sat, the State did not prove beyond a reasonable doubt that Charles
England was the “owner thereof.”
      Under the Penal Code, “owner” means “a person who has title to the property, possession
of the property, whether lawful or not, or a greater right to possession of the property than the
actor.” Id. at § 1.07(35)(A) (Vernon 1994). Possession means actual care, custody, control,
or management. Id. § 1.07(39). Thus, under the Penal Code, any person who has a greater
right to the actual care, custody, control, or management of the property than the defendant
may be alleged as owner. Alexander v. State, 753 S.W.2d 390, 392 (Tex. Crim. App. 1988).
      Elizabeth, Charles, and Janie testified that Charles lived in the mobile home. Charles also
testified that he made repairs and improvements to the home. None of the witnesses testified
that Black lived in the mobile home. Considering this evidence in the light most favorable to
the prosecution, we find that a rational trier of fact could have found beyond a reasonable
doubt that Charles had a greater right of possession than did Black. Holberg, 38 S.W.3d at
139. Therefore, we find that the evidence is legally sufficient and overrule Black’s first issue
regarding the burglary conviction. We do not address the factual sufficiency issue relating to
the burglary conviction, because we will reverse this conviction due to error in the court’s
charge.
Injury to a Child
      Black argues that the evidence is neither legally nor factually sufficient to prove injury to a
child, because the State did not prove that A.T. suffered bodily injury. The indictment alleged
that “Black recklessly caused bodily injury to A.T., a child younger than fifteen years of age,
by hitting Charles England who was holding A.T., causing Charles England to drop A.T.” 
Tex. Pen. Code Ann. § 22.04(a)(3) (Vernon 2003). Bodily injury means physical pain,
illness, or any impairment of physical condition. Id. at 1.07(8). These are common terms that
are to be given their ordinary meaning in the context of section 1.07 of the Penal Code. See
Lane v. State, 763 S.W.2d 785, 787 (Tex. Crim. App. 1989) (citing Ramirez v. State, 518
S.W.2d 546, 547 (Tex. Crim. App. 1975)).
      Black argues that A.T.’s injuries were not severe enough to be considered “bodily injury.” 
However, Charles, Elizabeth, and Janie testified that A.T. cried when he was injured. Officer
David Rollins, the patrol deputy who responded to Janie’s 9-1-1 call, testified that he saw and
photographed A.T.’s injuries. The jury saw those pictures. Although the testimony showed
that A.T. was not treated by a doctor for his injuries, a rational trier of fact could have found
beyond a reasonable doubt that A.T. suffered physical pain or an impairment of physical
condition. Holberg, 38 S.W.3d at 139. Therefore, we find the evidence legally sufficient.
      Moreover, a neutral review of the evidence shows that the proof of guilt is neither so
obviously weak as to undermine confidence in the jury’s determination, nor is it outweighed by
contrary proof. Johnson, 23 S.W.3d at 11; see also Goodman, 66 S.W.3d at 285. Therefore,
we find that the evidence is factually sufficient, and we overrule Black’s second issue.
LESSER-INCLUDED OFFENSE
      Black’s third issue calls our attention to the court’s denial of his request for a jury
instruction on the lesser-included offense of assault. We begin by noting that the Court of
Criminal Appeals has stated that the purpose of granting the instruction is to prevent (a) an
acquittal even though the jury believed the defendant to be guilty of the lesser-included
offense, and (b) a “guilty” finding even though the jury did not believe the defendant
committed the greater offense. Bignall v. State, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994). 
The policy of the Court is to liberally permit the instruction when warranted. Id.
Case-by-Case Determination
      Whether a lesser-included instruction should be given is determined on a case-by-case
basis. Bartholomew v. State, 871 S.W.2d 210, 212-13 (Tex. Crim. App. 1994). “Anything
more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge.” 
Bignall, 887 S.W.2d at 23. The evidence may be proffered by the State or the defense; the
evidence may be strong or weak, unimpeached or contradicted. See Rousseau v. State, 855
S.W.2d 666, 672 (Tex. Crim. App.), cert. denied, 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d
260 (1993); Bell v. State, 693 S.W.2d 434, 442 (Tex. Crim. App. 1985). The trier of fact is
always free to selectively believe all or part of the evidence admitted at trial. See Bignall, 887
S.W.2d at 24 (citing Bell, 693 S.W.2d at 443).
Two-Step Test
      We use a two-step test, described by the Court as the “Aguilar/Rousseau test,” to
determine whether the defendant was entitled to have the jury instructed on a lesser-included
offense. Feldman v. State, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002) (citing Aguilar v.
State, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985), and Rousseau, 855 S.W.2d at 672). The
first step asks whether the offense is actually a lesser-included offense of the offense charged. 
Id. This inquiry is determined under article 37.09 of the Code of Criminal Procedure, which
defines lesser-included offenses in four ways.


 Id. (citing Tex. Code Crim. Proc. Ann. art.
37.09 (Vernon 1981)). The second step asks whether the record contains some evidence that
would permit a rational jury to find that the defendant is guilty only of the lesser offense. Id.
(citing Rousseau, 855 S.W.2d at 672). There must be some evidence from which a rational
jury could acquit the defendant of the greater offense while convicting him of the lesser-included offense. Id. “The evidence must establish the lesser-included offense as a valid
rational alternative to the charged offense.” Id.
      The indictment alleged that on or about October 16, 2000, Black did “intentionally or
knowingly, without the effective consent of Charles England, the owner thereof, enter a
habitation with intent to commit assault . . . and did attempt to commit or commit assault.” 
Tex. Pen. Code Ann. § 30.02(a). Therefore, in this case, assault is included within the proof
necessary to establish the offense charged and the first prong of the test is satisfied. Feldman,
71 S.W.3d at 750.
      As for the second prong, Black argues that Berriochoa’s testimony that someone said
“Come in” after Black knocked on the door would show Black guilty of only assault and not
burglary of a habitation.


 We agree. If evidence from any source raises the issue of a lesser-included offense, a charge on that offense must be included in the court’s charge. Saunders v.
State, 840 S.W.2d 390, 391 (Tex. Crim. App. 1992). The court should not consider the
credibility of the evidence or whether it conflicts in deciding whether a charge on a lesser-included offense should be given. Id.; Ross v. State, 861 S.W.2d 870, 874 (Tex. Crim. App.
1992). Thus, regardless of the strength or weakness of the evidence, if any evidence raises the
issue that the defendant was guilty of only a lesser offense, then the charge should be given. 
Saunders, 840 S.W.2d at 391.
      Given Berriochoa’s testimony, a rational jury could have found that Black had effective
consent to enter the mobile home and found him guilty of only assault, a class A misdemeanor. 
Tex. Pen. Code Ann. § 22.01(b) (Vernon 2003); see Chambers v. State, 805 S.W.2d 459,
461 (Tex. Crim. App. 1991) (The jury determines the credibility of the witnesses and may
“believe all, some, or none of the testimony.”). Thus, the jury should have been instructed on
the lesser-included offense of assault.
      Having found error in the charge, we turn to the question of harm. Almanza v. State
governs the issue. 686 S.W.2d 157 (Tex. Crim. App. 1985) (on rehearing). Black objected to
the charge and requested an instruction on the lesser-included offense of assault. The trial
court denied his request. Because the error in the charge was brought to the trial court’s
attention when it could have been corrected, Black is entitled to a reversal if he can show
“some harm.” Id. at 171.
      The Court of Criminal Appeals has held that failure to give a lesser-included instruction is
“some” harm because the jury is not given the option to convict on the lesser-included offense. 
E.g. Saunders v. State, 913 S.W.2d 564, 571 (Tex. Crim. App. 1995) (citing Beck v.
Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980)) (danger is that the jury will
convict of some offense, i.e., the greater offense, only because of no alternative); Ross, 861
S.W.2d at 877; Mitchell v. State, 807 S.W.2d 740, 742 (Tex. Crim. App. 1991); also Jiminez
v. State, 953 S.W.2d 293, 299-300 (Tex. Crim. App. 1997). The jury had to choose between
burglary of a habitation, a felony of the first degree that carries a sentence of five to ninety-nine years or life imprisonment, and an acquittal. The jury heard testimony from several
witnesses as to Black’s abuse of alcohol and prior instances of his violent conduct toward Janie
and others. Berriochoa testified that she heard a fight inside the house. Had the jury been
correctly charged, Black might have been found guilty of assault, which carries a sentence of
not more than one year imprisonment.


 In light of this, we find that Black suffered “some
harm” and sustain his third issue.
IMPROPER JURY ARGUMENT
      Black’s fourth issue centers on the prosecutor’s characterization that Black “terrorized” his
family, because those comments came less than six weeks after the September 11 tragedy. 
Black objected and requested a mistrial; the court overruled his motion.
      A proper jury argument must fall within one of four general areas: (1) summation of the
evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing
counsel; and (4) plea for law enforcement. Guidry v. State, 9 S.W.3d 133, 154 (Tex. Crim.
App. 1999). But when a prosecutor’s statement falls outside of these parameters, the
statements themselves cannot be error. Rather, it is the trial court’s responses to defense
counsel’s objections to the statements that may be error. Chimney v. State, 6 S.W.3d 681, 703
(Tex. App.—Waco 1999, no pet.). Usually three types of error are possible: (1) overruling
the initial objection to the prosecutor’s statement; (2) granting the initial objection, but denying
a request for an instruction to the jury to disregard the statement; and (3) granting the initial
objection and instructing the jury to disregard, but denying a motion for a mistrial. Id.
      Here, Black complains of the first type of error. Black objected to the following
statements: “Are we going to tolerate this type of terrorism in our family, because that’s what
it is. Gary Lyn Black’s action were put there to put terror in heart of Janie Black and Chuck
England.” Terrorism is the systematic use of terror, especially as a means of coercion. 
Webster’s New Collegiate Dictionary 1218 (9th ed. 1991). Terror is defined as a state
of intense fear. Id. The evidence showed that Black went to Janie’s home to retrieve some
personal property and engaged England in violence while there. Accordingly, we find the
prosecutor’s comments to be a reasonable deduction from the evidence. The court properly
overruled Black’s objection, and we overrule Black’s fourth issue.
CONCLUSION
      We affirm Black’s conviction for injury to a child. Because we sustain his issue regarding
charge error, we reverse his conviction for burglary of a habitation and remand for a new trial
on that charge.

                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna



Affirmed in part/Reversed and remanded in part
Opinion delivered and filed March 31, 2004
Do not publish 

[CR25]