Jose Daniel MORALES, Appellant,

v.

The STATE of Texas, State.

No. 2–93–047–CR.

Court of Appeals of Texas,
Fort Worth.

March 16, 1994.

Publication Ordered April 13, 1994.

Lollar, Phillips, Factor & Blanco, P.C., Abe Factor, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., and Danielle A. LeGault, Asst., Fort Worth, for the State.

Before FARRIS, LATTIMORE and DAY, JJ.

## OPINION

DAY, Justice.

Jose Daniel Morales appeals his conviction for driving while intoxicated. TEX.REV.CIV. STAT.ANN. art. 6701$l$–1 (Vernon Supp.1994). After a jury trial, the court assessed punish-

ment at 120 days in jail, probated for two years, and a $450 fine.

We affirm.

In two points of error, Morales complains the trial court improperly denied his challenges for cause of two veniremembers, Richard Schiefelbein and James Kidd.

Schiefelbein initially stated he believed his contributions to MADD and SADD reflected "how serious I think DWI is." In response to defense counsel's questioning, Schiefelbein stated he was "not sure" that the fact that someone had consumed an alcoholic beverage before driving would bias him, "but my behavior is different." Another time he stated, "I would tend to lean against them [if they had been drinking and driving], yes." Schiefelbein also stated his willingness to consider everything presented in reaching a verdict.

After defense counsel challenged Schiefelbein for cause, both the defense and the State examined him more closely. Defense counsel asked:

> Mr. Schiefelbein, I asked you a question earlier and I'm going to ask you it again. The fact that a person had consumed an alcoholic beverage and was operating their vehicle would have biased you some towards the determination of whether they're intoxicated or not. That's my question.
> PROSPECTIVE JUROR SCHIEFEL-BEIN: I answered the question, yes, it would. I hesitated with that answer, but it reflects that I think that drinking and driving is a problem. As I said earlier, I don't think the one drink causes a problem.
> With my children—I understand where the law starts with intoxication, but my rules and instructions with my children are far more strict than that.
> [DEFENSE COUNSEL]: I understand that. This is a very strongly-held belief that you have?
> PROSPECTIVE JUROR SCHIEFEL-BEIN: Yes, it is.

In response to the prosecutor's questions, Schiefelbein reaffirmed his understanding that drinking and driving is not against the law, if the driver is not intoxicated. He also stated that, regardless of his beliefs about drinking and driving, he would return a not guilty verdict if the State proved Morales drove after drinking but failed to prove he was intoxicated.

■ The ruling on a challenge for cause to a prospective juror is a function of the trial court. *Little v. State*, 758 S.W.2d 551, 556 (Tex.Crim.App.), *cert. denied*, 488 U.S. 934, 109 S.Ct. 328, 102 L.Ed.2d 346 (1988); *Kennard v. State*, 649 S.W.2d 752, 764 (Tex. App.—Fort Worth 1983, pet. ref'd). Notwithstanding, the prospective juror who is shown to be biased as a matter of law *must* be excused when challenged, even if he states he can set aside his bias and provide a fair trial. *Anderson v. State*, 633 S.W.2d 851, 854 (Tex.Crim.App. [Panel Op.] 1982).

■ Bias exists as a matter of law when a venire member: (1) admits he is biased for or against a defendant, *McBride v. State*, 110 Tex.Crim. 308, 7 S.W.2d 1091, 1092 (1928); (2) admits prejudice against persons who use intoxicating beverages, when the defendant is charged with an offense involving liquor, *Hooper v. State*, 100 Tex.Crim. 147, 272 S.W. 493, 494–95 (1925); (3) admits or demonstrates prejudice towards a racial or ethnic group, *Johnson v. State*, 108 Tex.Crim. 499, 1 S.W.2d 896, 899 (1927); (4) admits resentment towards a defendant because of some prior contact with the defendant, *Williams v. State*, 565 S.W.2d 63, 65 (Tex.Crim.App. [Panel Op.] 1978); or (5) is related to the State's primary witness. *See Anderson*, 633 S.W.2d at 854.

■ When bias or prejudice is not established as a matter of law, the trial court has the discretion to determine whether it actually exists to such a degree that the prospective juror is disqualified and the challenge for cause should be sustained. *Little*, 758 S.W.2d at 556. Under these circumstances, the trial court's ruling should not be disturbed unless the entire voir dire record shows otherwise. *Id.* Even if a portion of the veniremember's voir dire reflects a bias or prejudice, if the voir dire as a whole reflects the juror could follow his oath, be fair to the accused, and follow the law, the trial court does not abuse its discretion by

overruling the challenge for cause. *Harris v. State,* 784 S.W.2d 5, 22–23 (Tex.Crim.App. 1989), *cert. denied,* 494 U.S. 1090, 110 S.Ct. 1837, 108 L.Ed.2d 966 (1990).

■ The record in this case shows Schiefelbein never asserted his prejudice against Morales personally, nor did he express prejudice against individuals who consume alcoholic beverages. Rather, Schiefelbein's concern was with drinking and driving. He stated repeatedly that he did not think driving after a single drink would cause a problem. These responses do not rise to the level of bias or prejudice as a matter of law. *See Gonzalez v. State,* 169 Tex.Crim. 49, 331 S.W.2d 748, 749 (1960); *Hooper,* 272 S.W. at 494–95; *Flowers v. Flowers,* 397 S.W.2d 121, 122–24 (Tex.Civ.App.—Amarillo 1965, no writ) (cited with approval in *Anderson,* 633 S.W.2d at 854).

Based on our review of Schiefelbein's entire voir dire, we hold the trial court did not abuse its discretion by denying the defense's challenge of Schiefelbein for cause. We overrule point of error one.

In point two, Morales complains the trial court improperly denied his challenge of veniremember Kidd for cause.

During the first part of his voir dire, Kidd stated he believed a person who refuses to take a breath test has something to hide. Morales has no quarrel with this belief, conceding it would be a reasonable conclusion to draw from the evidence. Indeed, the fact that an individual refused to take a breath test is part of the evidence the jury is entitled to consider in reaching its verdict. TEX. REV.CIV.STAT.ANN. art. 6701*l*–5, § 3(g) (Vernon Supp.1994).

Later, defense counsel asked Kidd:

As I said, the Judge is going to give you an instruction that is going to say that this is the law and you know what the facts are, so apply the facts to the law and if you have a reasonable doubt, you know what to do.

PROSPECTIVE JUROR KIDD: Right.

[DEFENSE COUNSEL]: But you're saying if there is evidence of a refusal, you would not be able to give fair consideration to the Judge's instruction on these?

PROSPECTIVE JUROR KIDD: Possibly.

. . . .

[DEFENSE COUNSEL]: Mr. Kidd, let me see if I understand you. If you have a reasonable doubt the way our law defines it about the issue of intoxication as the Judge may define it, your feelings about refusal or non-refusal of a test would not interfere with your making a fair determination of that issue; that is, intoxication the way the law defines it?

PROSPECTIVE JUROR KIDD: My opinion about whether or not the Defendant refused the test?

[DEFENSE COUNSEL]: Yes.

PROSPECTIVE JUROR KIDD: That might sway my decision as to whether or not he was actually intoxicated or not? Hum. That's a possibility. Just my own personal feelings.

[DEFENSE COUNSEL]: Regardless of the evidence about intoxication?

PROSPECTIVE JUROR KIDD: Right.

Morales contends these responses demonstrate Kidd's bias as a matter of law because he would find Morales guilty based solely on his refusal to take a breath test, without regard to the law on intoxication. On several other occasions, however, Kidd stated that he would return a verdict of not guilty, despite such evidence, if the State failed to prove even one element of its case. He also declared he would hold the State to its burden of proof. Finally, the judge asked Kidd:

In view of what these attorneys have talked to you about, do you have a strongly-held opinion that if you heard a specific item of evidence, whatever that item may be, is there an item of evidence that is so compelling to you that you will base your whole decision on that without regard to any other evidence in that case?

PROSPECTIVE JUROR KIDD: I would say no to that.

THE COURT: You would listen to all of the evidence.

PROSPECTIVE JUROR KIDD: Correct.

■ Kidd's equivocal answers do not necessarily establish bias against the law on

intoxication as a matter of law. At most, Kidd indicated it was *possible* his decision about intoxication *might* be influenced by an accused's refusal to take a breath test. Since the trial judge reviews the answers of an equivocating veniremember and has the opportunity to observe his tone of voice and demeanor, we will not disturb the judge's ruling unless the entire voir dire record shows bias as a matter of law. *Garza v. State,* 622 S.W.2d 85, 92 (Tex.Crim.App. [Panel Op.] 1981) (opinion on reh'g). Even if a portion of the veniremember's voir dire reflects a bias or prejudice, if the voir dire as a whole reflects the juror could follow his oath, be fair to the accused, and follow the law, the trial court does not abuse its discretion by overruling the challenge for cause. *Harris,* 784 S.W.2d at 22–23.

The record in this case shows Kidd could follow his oath and the law and be fair to the accused. We therefore hold the trial court did not abuse its discretion by overruling Morales' challenge for cause. Point two is overruled.

The trial court's judgment is affirmed.