Jack Krohn STANDEFER, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–97–00641–CR.

Court of Appeals of Texas,
El Paso.

April 28, 1999.

Thomas S. Morgan, Midland, for Appellant.

Al W. Schorre, Jr., District Attorney of Midland County, Jane Lundy Belazi, Assistant District Attorney, Midland, for Appellee.

Before Panel No. 3, BARAJAS, C.J., LARSEN, and CHEW, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

This is an appeal from a jury conviction for the offense of driving while intoxicated. The court assessed punishment at two (2) years' community supervision and a fine of $1,000. We reverse the judgment of the trial court and remand the cause for further proceedings.

### I. SUMMARY OF THE EVIDENCE

Prior to trial, the State filed a motion in limine to prevent Appellant from asking during *voir dire* if the panel members would presume the defendant guilty or a little bit guilty if the defendant refused a breath test. A hearing was held on this motion prior to the selection of the jury. Appellant argued that the question, "Would you presume someone guilty if he or she refused a breath test on their refusal alone?", was a proper question to pose to the venire. The court ruled, "... that line of questioning would be improper. It is not going to stop you from asking them if they can consider all the evidence, but the Court does find that requesting them to make a commitment of that sort would be improper in *voir dire*. The court will note the exception to the record of its ruling with regard to that." Appellant's counsel then stated, "Just to state with regard to Number 1 that I did intend to ask each voir dire person, quote, 'If someone refused to take a breath test, would you presume such person in your mind to be intoxicated by virtue of refusing a breath test alone?' " The court again

ruled that the question would not be allowed.

## II. *DISCUSSION*

 In Point of Error No. One, Appellant asserts that the court erred in prohibiting Appellant's counsel from questioning the venire panel whether or not they presumed an accused guilty if the accused refused to take a breath test. The right to counsel encompasses the right to question prospective jurors in order to intelligently and effectually exercise peremptory challenges and challenges for cause. *McCarter v. State*, 837 S.W.2d 117, 120 (Tex. Crim.App.1992). The scope of *voir dire* is broad and an accused is generally entitled to question prospective jurors on any matter which will be an issue at trial. *Dinkins v. State*, 894 S.W.2d 330, 344 (Tex. Crim.App.1995). An appellate court employs an abuse of discretion standard when reviewing an allegation that the trial court improperly restricted *voir dire* examination. *Nunfio v. State*, 808 S.W.2d 482, 484 (Tex.Crim.App.1991). It is the propriety of the question which the accused sought to propound that is determinative of the issue. *Green v. State*, 934 S.W.2d 92, 106 (Tex.Crim.App.1996). Questions that probe into bias and prejudice against the applicable law are permissible. *Hogue v. State*, 711 S.W.2d 9, 27 (Tex.Crim.App. 1986). However, a party cannot ask veniremembers to commit themselves as to how they would consider certain testimony prior to trial, nor may a prospective juror be asked what he or she would do at any particular stage of the trial under a given set of facts. *Contreras v. State*, 915 S.W.2d 510, 515 (Tex.App.—El Paso 1995, pet. ref'd).

The State cites *Morales v. State*, 875 S.W.2d 724 (Tex.App.—Fort Worth 1994, no pet.) for the proposition that the posed question was improper because it did not inform the jury that the refusal to take a breath test can be considered evidence of guilt at trial. This case does not support Appellant's position. In *Morales*, the Fort Worth Court of Appeals considered whether the trial court properly denied a challenge for cause where a venireperson stated that his determination of whether the defendant was intoxicated might be influenced by his refusal to take the breath test because he believed that a person who refused to take the breath test had something to hide. *Morales*, 875 S.W.2d at 726. Even though the venireperson stated on one occasion that his belief might prevent him from fairly determining the issue of intoxication, he stated during further questioning that he would not base his decision on any one item of evidence, including refusal to take the breath test. *Id.* Given this equivocation, the Court of Appeals found no abuse of discretion in denial of the challenge for cause. *Id.*, at 726–27. Therefore, *Morales* does not stand for the proposition that a party may not inquire whether a prospective juror would place such significance on the defendant's refusal to take the breath test that he would presume the defendant guilty. To the contrary, the trial court in *Morales* permitted defense counsel to explore at length whether the venireperson's views about the breath test refusal would prevent him from fairly considering all of the evidence.

The State cites *Harkey v. State*, 785 S.W.2d 876 (Tex.App.—Austin 1990, no pet.) in support of the proposition that the question posed in this case was an impermissible attempt to bind jurors as to how they might resolve factual issues in the case. However, the *Harkey* case does not concern the specific question at issue in the present case. In that case, the Austin Court of Appeals held that an accused may not ask a veniremember to articulate the reasons why a person might refuse a breath test because it required the venireperson to commit prior to trial how he would consider the evidence. *Id.*, at 878. Accordingly, *Harkey* is inapplicable.

 In the present case, Appellant did not attempt to commit the prospective jurors in advance of trial to analyze the evidence of the breath test refusal in a

particular way or to give it certain weight. Instead, his question sought to discover whether any venireperson would have an automatic predisposition to find a person guilty simply because he refused to take the breath test, thereby rendering them unable or unwilling to consider all of the evidence in determining the intoxication issue. This is a proper area of inquiry. *See Edwards v. State,* 882 S.W.2d 493, 495 (Tex.App.—Houston [1st Dist.] 1994, no pet.) (trial court erred in prohibiting questions which asked the venire whether they were automatically predisposed to disbelieve the testimony of a witness shown to have lied previously because the defendant is permitted to inquire about any automatic predisposition veniremembers might have to disbelieve witnesses).

■ The State also argues that the trial court did not place an absolute limitation on the substance of Appellant's question but simply prohibited him from asking an improperly formed question. Therefore, the State maintains that Appellant waived error by failing to rephrase his question. *See e.g., Moncada v. State,* 960 S.W.2d 734, 737 (Tex.App.—El Paso 1997, pet. ref'd). We disagree. The trial judge clearly stated that he would not permit Appellant to discern whether any member of the venire would presume a person guilty based upon his refusal to take a breath test. Rather than prohibiting Appellant's question due to its form, the trial court broadly prohibited any inquiry into the substance of this question. The question permitted by the court, whether the panel could consider all of the evidence, would not assist Appellant in exposing the kind of bias his question concerned. We find that the trial court abused its discretion by refusing to allow Appellant to ask a proper question of the venire.

■ We must address the question of harm. Previously, it has been held that if a proper *voir dire* question of the entire venire is disallowed, harm to the defendant is presumed. *See e.g., Nunfio,* 808 S.W.2d at 484. Even though this approach is, on its face, inconsistent with the admonishment in *Cain v. State* that only certain structural errors are categorically immune from harmless error review, we reach essentially the same result under TEX.R.APP. P. 44.2(a) because this particular constitutional error does not lend itself to meaningful harmless error review. *Cain v. State,* 947 S.W.2d 262, 264 (Tex.Crim.App. 1997). As Appellant was not allowed to make any inquiry into this area, we are unable to ascertain the impact this error might have had on the *voir dire* process or on defense counsel's ability to intelligently and effectively exercise peremptory challenges and challenges for cause, and therefore, we must conclude that the harm flowing from the disallowance of a proper question of the entire venire is not subject to a meaningful harmless error analysis. Accordingly, we are unable to determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment. TEX.R.APP. P. 44.2(a); *see Cain,* 947 S.W.2d at 264 (an error will not be proven harmless beyond a reasonable doubt if it defies analysis by harmless error standards or if the data is insufficient to conduct a meaningful harmless error analysis). Point of Error No. One is sustained.

Having sustained Appellant's Point of Error No. One, we find it unnecessary to address Points of Error Nos. Two through Five.[1] We reverse the judgment of the trial court and remand the cause for further proceeding not inconsistent with this opinion.

---

1. In Point of Error No. Five, Appellant contends that the trial court erred in denying Appellant's requested jury instruction regarding the legality of the stop of Appellant's vehicle. We render no opinion on whether the trial court erred in that regard. *See generally, Stone v. State,* 703 S.W.2d 652, 655 (Tex. Crim.App.1986) and *Reynolds v. State,* 848 S.W.2d 148, 149 (Tex.Crim.App.1993).