**Antonio GONZALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–97–00121–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Aug. 30, 1999.

Decided Aug. 31, 1999.

John C. Bennett, Texas Department of Criminal Justice, State Counsel for Offenders, Huntsville, for appellant.

Rodney D. Conerly, Asst. Crim. Dist. Atty., Beaumont, Matthew W. Paul, State Pros. Atty., Austin, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Antonio Gonzales has appealed from his convictions for aggravated assault and possession of a deadly weapon in a penal institution. He contended in his original appeal that the court erred by refusing to permit him to voir dire the jury panel on the defense of necessity,[1] by excluding evidence relevant to establishing that defense, and by commenting on defense counsel's representation. We reversed and remanded for a new trial based on the trial court's refusal to allow defense counsel to voir dire the jury on the defense of necessity. In that opinion we concluded that the defense was available in this fact situation and the questions were proper. *Gonzales v. State*, 972 S.W.2d 877 (Tex. App.-Texarkana 1998), *vacated & remanded*, 994 S.W.2d 170 (Tex.Crim.App.1999).

We recognized that the questioning of the panel is the basis for jury selection. Because jury selection is the beginning point of the entire process of trial, we concluded that it was impossible to predict how an error that wholly prevented defense counsel from questioning a panel about a possible defense would impact the way that counsel would thereafter conduct the trial. We also recognized that the Texas Court of Criminal Appeals had held that a harmless error analysis should be applied to all errors and that entire categories of error should not be automatically reversed. We stated in a footnote that this was the type of error that defied analysis by harmless error standards and that the data available was insufficient to conduct a **meaningful** harmless error analysis.

Nonetheless, the Texas Court of Criminal Appeals has vacated our judgment and directed us to apply a harmless error analysis. *Gonzales*, 994 S.W.2d 170. The court further directed us to "address the second point of error from appellant's original appeal, that is, whether the trial court erroneously excluded the proffered evidence which appellant averred established the elements of the defense of necessity." *Id.* at 172. The court then went on to state that it believed "resolution of this issue is a relevant factor in determining whether the error here was harmful." *Id.* (emphasis added). Although the court has not so stated, we presume from its conclusion that the court believes that this error is **not** the type of error that defies analysis.

The evidence shows that Gonzales and Kenneth Martin were inmates in the Texas Department of Criminal Justice, and that Gonzales attacked Martin with a razor when Martin was moved into Gonzales' cell. At voir dire, the phase of the trial critical to our disposition of this case, Gonzales' counsel presented to the jury panel that the attack on Martin was motivated by his client's desire to protect himself from Martin's known violent and sexually aggressive tendencies. One of Gonzales' complaints in this appeal is that the court erred by refusing to permit him to voir dire the jury panel on the defense of necessity.

The right of a defendant to intelligently exercise his peremptory strikes is

---

1. *See* TEX. PEN.CODE ANN. § 9.22 (Vernon 1994).

implicit in the constitutional right of representation under both the state and federal constitutions. *Raby v. State,* 970 S.W.2d 1, 10 (Tex.Crim.App.1998); *Caldwell v. State,* 818 S.W.2d 790, 793 n. 3 (Tex.Crim.App. 1991); *see Shipley v. State,* 790 S.W.2d 604, 607–08 (Tex.Crim.App.1990). The law in this area has long recognized that the right to be represented by counsel, guaranteed by Article I, § 10 of the Texas Constitution, includes the right of counsel to question the members of the jury panel in order to intelligently exercise peremptory challenges. *Shipley,* 790 S.W.2d at 608; *Mathis v. State,* 167 Tex.Crim. 627, 322 S.W.2d 629, 631 (1959). In other words, a defendant's constitutional right to counsel requires that counsel be permitted to question the members of the jury panel in order to intelligently exercise peremptory challenges. *Smith v. State,* 703 S.W.2d 641, 643 (Tex.Crim.App.1985); *Brumley v. State,* 804 S.W.2d 659, 662 (Tex.App.-Amarillo 1991, no pet.).

■■■ The conduct of voir dire rests within the discretion of the trial court, and only the abuse of such discretion requires reversal on appeal. *Clark v. State,* 608 S.W.2d 667, 669 (Tex.Crim.App. [Panel Op.] 1980). An appellant may show that the trial court abused its discretion in limiting questioning if the appellant is denied a request to ask a proper question. The appellant is therefore harmed when he is deprived of voir dire sufficient to allow him to decide intelligently those jurors he may wish to strike. *See Sullivan v. State,* 678 S.W.2d 162, 166 (Tex.App.-Houston [1st Dist.] 1984, pet. ref'd).

■■■ The propriety of the question asked is critical. The Sixth Amendment guarantees the "Assistance of Counsel" and a trial before "an impartial jury." U.S. CONST. amend. VI. Part of this constitutional guarantee is an adequate voir dire to identify unqualified jurors. *Morgan v. Illinois,* 504 U.S. 719, 112 S.Ct. 2222, 119 L.Ed.2d 492 (1992); *Raby,* 970 S.W.2d at 10. Essential to the guarantee is the right to question venire members in order to

intelligently exercise peremptory challenges and challenges for cause. *Raby,* 970 S.W.2d at 10; *Linnell v. State,* 935 S.W.2d 426, 428 (Tex.Crim.App.1996); *Dinkins v. State,* 894 S.W.2d 330, 344–45 (Tex.Crim.App.1995). The court in *Raby* quoted *Hernandez v. State,* 508 S.W.2d 853 (Tex.Crim.App.1974): "[T]he right to propound questions on voir dire, in order to intelligently exercise peremptory challenges, is of the greatest importance."

■■■ A question is therefore proper if it seeks to discover a juror's views on an issue applicable to the case. Error in the denial of a proper question which prevents the intelligent exercise of counsel's peremptory challenges is an abuse of discretion. *Shipley v. State,* 790 S.W.2d 604, 608 (Tex.Crim.App.1990); *Allridge v. State,* 762 S.W.2d 146, 163 (Tex.Crim.App. 1988). Discretion is abused when a proper question about a proper area of inquiry is prohibited. *Shipley,* 790 S.W.2d at 608; *Allridge,* 762 S.W.2d at 163. If the question is proper, an answer from the venire members that is denied prevents intelligent use of the peremptory challenges. *Shipley,* 790 S.W.2d at 609, *citing Allridge,* 762 S.W.2d at 163. The remainder of the statement in *Shipley,* however, that harm exists when a denial of answers from a proper question is involved, has now been overruled *sub silentio* by *Gonzales,* 994 S.W.2d at 170.

■■■ In the present case, counsel questioned the panel extensively on the theory of self-defense and the use of deadly weapons. He then stated unequivocally during voir dire that he wanted to question the panel about the defensive theory of necessity. The trial court refused his request on two separate occasions. The first issue before this Court is whether the question was proper. Because the Texas Court of Criminal Appeals did not conclude that the question was improper, we stand by our conclusion based upon these facts that the question was indeed a proper one. The theory of justification codified

as necessity was potentially a theory that might have been raised as a defense to one of the charges. Thus, the request must be defined as a proper question.[2] We again conclude that the trial court erred by refusing the request.

It is important to note that Gonzales was on trial for **two** offenses: aggravated assault **and** possession of a deadly weapon in a penal institution. Therefore, he could have been entitled to an affirmative instruction on necessity as to one offense and on self-defense as to the other if raised by the evidence, whether that evidence was strong, feeble, unimpeached, or contradicted, and even if the trial court believed that the testimony was unbelievable. *Thomas v. State*, 678 S.W.2d 82, 84 (Tex.Crim.App.1984). Despite the fact that counsel stated that the issue would be raised, at the time the trial court disallowed the question it could not have known whether necessity would be raised by the evidence.

In our original opinion, we likewise addressed the State's contention that Gonzales was not entitled to such an instruction as a matter of law because necessity is not an available defense when the defendant is charged with possession of a deadly weapon in a penal institution. The court did not disturb this portion of our opinion, and we will not revisit it now.[3]

We now turn to the question of whether we may conclude beyond a reasonable doubt that under Tex.R.App. P. 44.2(a) the error did not contribute to the conviction or punishment. A majority of the Texas

Court of Criminal Appeals stated that the question of whether the trial court erred by denying an attempt to proffer evidence on necessity was relevant to a determination of whether the error was harmful. Therefore, we will review that issue.

We first observe that in the course of conducting a trial, prudent counsel would not attempt to present evidence to a jury when he has been prevented in voir dire examination from questioning potential jurors about their attitudes toward that defense. In other words, why would such counsel waste time attempting to present evidence in support of a defense when he has no idea about any preconceived notions that any of the persons on the jury might have toward that defense. Indeed, prudent counsel might not even broach the issue before a jury when he has not been able to question the jurors about their reaction to the purported evidence establishing the defense or their ability to apply the law authorizing that defense.[4]

In the present case, however, counsel did attempt to introduce evidence about the sexually directed and extremely violent nature of the offenses for which Kenneth Martin was imprisoned and about similar offenses he had committed against other inmates while in prison, and also presented a summary of the proposed testimony through a bill of exception. At the direction of the court, we will review the proffered evidence to see if it could have been admissible and, if so, use that determination as a factor in determining whether the voir dire error was harmless.[5]

---

**2.** The right to pose proper questions during voir dire is included within the right to counsel. *Gonzales v. State*, 994 S.W.2d 170, 171 (Tex.Crim.App.1999), *citing Howard v. State*, 941 S.W.2d 102, 108 (Tex.Crim.App.1996).

**3.** *See generally Johnson v. State*, 650 S.W.2d 414 (Tex.Crim.App.1983); *Rivera v. State*, 948 S.W.2d 365, 370 (Tex.App.-Beaumont 1997, no pet.) (holding the defense of necessity is available as a matter of law to a defendant in a prosecution under Tex. Pen.Code Ann. § 46.10 (Vernon 1994)).

**4.** For a discussion on similar facts, see *Standefer v. State*, No. 08–97–00641–CR, 1999 WL 259622, at *3 (Tex.App.-El Paso Apr.28, 1999, no pet. h.).

**5.** In a concurring opinion, Justice Meyers suggested that the determinative question before this Court on remand was whether the substantial right of a defendant to have qualified jurors as set out in *Jones v. State*, 982 S.W.2d 386, 393 (Tex.Crim.App.1998), was different from the substantial right at issue in this case. In part, it is. Because of the

The defense of necessity is defined by the Penal Code as a justification for otherwise unlawful acts. It states that the conduct is justified if:

(1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;

(2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and

(3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

TEX. PEN.CODE ANN. § 9.22 (Vernon 1994).

 Typically, evidence about the details of an offense as a method of proving that person's character are not admissible to prove actions being taken in conformity with that character. TEX.R. EVID. 404(a). Subdivision (b) of that rule, however, provides that such evidence is admissible to prove such matters as motive, opportunity, intent, preparation, plan, knowledge, etc. TEX.R. EVID. 404(b). In addition, Rule 405 provides that, "In cases in which a person's character or character trait is **an essential element** of a ... defense, proof may also be made of specific instances of that person's conduct." TEX.R. EVID. 405(b) (emphasis added). In this case, in the context of these facts, proof of the details of the violent, sexually oriented crimes that the victim had previously committed would provide some proof of intent, preparation, or plan to repeat his offenses against his new cellmate. Thus, under Rule 404(b), if Gonzales was aware of this evidence concerning Martin's past, it would tend to show that Gonzales could reasonably believe that his conduct was immediately necessary to avoid imminent

harm. The defense of justification based upon necessity is one that is to be assessed from the standpoint of the accused. *Miller v. State*, 940 S.W.2d 810, 815 (Tex.App.-Fort Worth 1997, pet. ref'd); *Leach v. State*, 726 S.W.2d 598, 600 (Tex.App.-Houston [14th Dist.] 1987, no pet.).

In addition, under Rule 405, the character of Kenneth Martin in this case would be admissible because knowledge by Gonzales of his character provides the information that Gonzales would be required to prove in order to show the necessary reasonable belief that his conduct was immediately necessary to avoid imminent harm. Further, under the second part of the defense as defined by statute, it would be necessary for Gonzales to show that the necessity of avoiding the harm outweighed the harm sought to be prevented. In this context, the only way in which he could show the "harm sought to be prevented" is by evidence of previous violent and sexual acts by the victim.

In summary, the evidence shows that Kenneth Martin was convicted of murdering a woman by stabbing her twenty times with a knife for refusing to have sex with him. The evidence also shows that he was convicted of assault for beating a man senseless, then beating him with a pipe, and then dragging him across a road, smashing his face against a pole, and throwing a brick at his chest. There was also evidence elicited before the jury that Martin had been involved in sexual misconduct while in prison and that at one point he had possession of a razor that was usable as a weapon. The evidence summarized above shows that Martin had been convicted of assault and murder, that he had engaged in homosexual sex with another inmate while in prison, and that he

inability to question on the defense of necessity, neither we nor any court can know whether these jurors could apply the law as it relates to the defense. Thus, we cannot know if the jurors were in fact qualified, and the lack of information on that subject is not something for which we can blame defense

counsel. The question here is not, however, one only of juror qualification. It also involves the right to select jurors from a panel—not at random—but based upon the use of peremptory challenges after being afforded an opportunity to make an intelligent decision about which jurors to strike.

was known to have had problems with other inmates. This evidence provides some support for the defense of necessity.

The problem for Gonzales is that his offer of proof fails to show that he was aware of these details concerning Martin's past or that he was aware of Martin's character. Absent this important information, Gonzales could not satisfy the first requirement of Section 9.22 that he reasonably believed his conduct was immediately necessary to avoid imminent harm. For this reason, the trial court did not err in excluding this evidence. However, mindful that the Texas Court of Criminal Appeals stated that resolution of this issue is but one relevant factor in determining whether the voir dire error was harmful, we do not find it to be the determining factor in that analysis.

■ As we stated in our original opinion, we cannot predict how the error of improperly limiting questioning on voir dire would impact the way in which a defense counsel would conduct the trial. In other words, we also cannot know what information counsel chose not to seek, what questions he refrained from asking, what differing arguments he made, all based upon his lack of knowledge about the panel. As stated by the court in *Cain v. State*, 947 S.W.2d 262, 264 (Tex.Crim. App.1997), there are situations in which a fair and reasoned harm analysis is extremely difficult or impossible to apply. When an error occurs in the questioning that resulted in the selection of the jury, there is a probability that the error will skew every act taken by counsel in connection with the denied questions because counsel has been improperly denied the right to have any insight into the juror's reaction to that area. Because of these undeniable facts, although we do not hold that this entire category of error is automatically treated as being harmful, it is of the type that we believe will rarely be harmless. *See Gonzales*, 994 S.W.2d at 171, *citing Cain*, 947 S.W.2d at 264. We

hold that, as applied to the charge of possession of a deadly weapon in a penal institution, the voir dire error was not harmless. However, we do not reach the same conclusion as to the aggravated assault charge.

There is authority holding that in murder cases in which self-defense is raised, the defense of necessity is inapplicable. *Butler v. State*, 663 S.W.2d 492, 496 (Tex. App.-Dallas 1983), *aff'd*, 736 S.W.2d 668 (Tex.Crim.App.1987), stated that the law of necessity and the law of self-defense do not overlap, holding that TEX. PEN.CODE ANN. § 9.22 was rendered inapplicable when self-defense is the "immediately necessary" conduct. *See Banks v. State*, 955 S.W.2d 116, 118–19 (Tex.App.-Fort Worth 1997, no pet.).

■ In this case, defense counsel extensively and thoroughly questioned the panel members, both collectively and individually, on all the elements of a person's right to defend himself from an attempted sexual assault in prison by using whatever weapon is available to him. The panel members unanimously agreed that a prison inmate had that right and specifically agreed that he should have the legal right to use a weapon to defend himself even when he is incarcerated. Defense counsel also questioned the panel extensively on the elements of self-defense.[6] Based on the reasoning in *Butler*, we conclude that, as applied to the aggravated assault charge, Gonzales was not harmed by the trial court's refusal to permit his counsel to question the jury on the defense of necessity. This conclusion makes it necessary that we address Gonzales' remaining point of error, which was not addressed in our original opinion.

■ Gonzales contends that certain comments made by the trial judge were improper. The comments were made in the presence of the jury and came in the context of counsel's request for a short

---

**6.** TEX. PEN.CODE ANN. § 9.31 (Vernon 1994 & Supp.1999).

delay ("a minute") in the proceedings. The judge reminded counsel that there had been a recess the day before so that he could prepare to proceed. Counsel objected to the judge's remark, and the judge then informed counsel of his impression that counsel was stalling. Counsel also objected to this remark, and the judge responded, "That's fine. You can object all you want to."

Although the trial judge has the inherent power to control the orderly proceedings in the courtroom, he should always be careful not to jeopardize the rights of the parties by criticizing or embarrassing their counsel in front of the jury. If, in the exercise of the orderly administration of justice, it becomes necessary to reprimand counsel, it is always preferable to do so outside the presence and hearing of the jury. Nonetheless, to constitute reversible error, a comment by the trial judge must be calculated to injure the rights of the accused or it must appear from the record that the accused has not had a fair and impartial trial. *Billings v. State*, 725 S.W.2d 757, 763 (Tex.App.-Houston [14th Dist.] 1987, no pet.); *see Becknell v. State*, 720 S.W.2d 526, 531 (Tex.Crim.App. [Panel Op.] 1986). Based on the remarks made here, we cannot say they were calculated to injure the rights of Gonzales or that Gonzales did not have a fair and impartial trial because of them. We further find that these remarks did not deprive Gonzales of a "substantial right," and that any error in their making was harmless. This point of error is overruled.

The judgment of conviction for aggravated assault is affirmed. The judgment of conviction for possession of a deadly weapon in a penal institution is reversed and remanded for a new trial.