

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-18-00092-CV

IN THE INTEREST OF A.A., A
CHILD

----------

### FROM THE 233RD DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 233-616179-17

----------

## MEMORANDUM OPINION[1]

----------

Appellant G.A. (Father) appeals the trial court's order terminating his parental rights to his child A.A. The trial court found by clear and convincing evidence that termination was appropriate under subsections (L), (N), (O), and (Q) of family code section 161.001(b)(1) and under section 161.002(b) and that termination was in A.A.'s best interest. *See* Tex. Fam. Code Ann. §§ 161.001(b)(1)(L), (N), (O), (Q), (2), 161.002(b) (West Supp. 2017).

---

[1]*See* Tex. R. App. P. 47.4.

Father's court-appointed appellate attorney has filed a motion to withdraw as counsel and a brief in support of that motion, averring that after diligently reviewing the record, he believes that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (holding that *Anders* procedures apply in parental termination cases). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. We gave Father the opportunity to file a response, and he did so.

As the reviewing appellate court, we must independently examine the record to decide whether an attorney is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). Having carefully reviewed the record, the *Anders* brief, and Father's pro se response, we agree that the appeal is frivolous. We find nothing in the record that might arguably support Father's appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).

Therefore, we affirm the trial court's order terminating the parent-child relationship between Father and A.A. However, we deny the motion to withdraw because it does not show "good cause" separate and apart from its accurate determination that there are no arguable grounds for appeal. *See In re P.M.*, 520

2

S.W.3d 24, 27 (Tex. 2016), *cert. denied*, 138 S. Ct. 1562 (2018); *In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied).[2]

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL:  MEIER, PITTMAN, and BIRDWELL, JJ.

DELIVERED:  July 12, 2018

---

[2]"[A]ppointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief."  *P.M.*, 520 S.W.3d at 27–28.