

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00016-CR

_____

TIMOTHY DECARLOS SIMS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 27895

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

After a jury found Timothy Decarlos Sims guilty of aggravated assault causing serious bodily injury, he was sentenced to eighty years' confinement in prison. In his sole point of error on appeal, Sims contends the trial court abused its discretion when it repeatedly admonished him in the presence of the jury.[1] Because we find there was no abuse of discretion, we affirm the trial court's judgment.

Sims contends there were several instances during trial when the trial court abused its discretion by admonishing him in front of the jury.[2] According to Sims, the trial court's repeated admonishments "may well have affected the juries [sic] consideration on guilt[/]innocence, and almost certainly affected the jury's consideration in punishment." We disagree.

The record shows that there were several times Sims muttered or mumbled out loud during trial, but received no admonishment from the trial court. Sims points out, however, that on some occasions, when he spoke or mumbled during a witness' testimony, he "was met with an immediate

[1]The bulk of Sims' appellate brief raises issues related to a civil application for a protective order filed by the victim in this case, which is not at issue on appeal. Although we find no application for protective order in the record, prior to the commencement of the jury trial, the trial court discussed with the parties, outside the presence of the jury, that it intended to carry the application for protective order through to the end of Sims' criminal trial, making a decision on the application on the completion of the trial. The trial court admonished the parties that they were to refrain from referring to the application while in the jury's presence. The record shows that the parties complied with the trial court's admonishments.

On appeal, Sims contends the trial court erred when it failed to appoint an attorney, or to allow him to represent himself, in relation to the application for the protective order. However, because Sims appeals his judgment of conviction for aggravated assault causing bodily injury, as opposed to any perceived error regarding the separate issue of the protective order, we decline to address his argument.

[2] We analyze questions committed to the trial court's exercise of discretion by inquiring whether the trial court acted without reference to guiding rules and principles or, stated otherwise, whether the court acted arbitrarily or unreasonably. *See Lyles v. State*, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993). If a trial court's discretionary ruling falls "within the zone of reasonable disagreement," we must affirm. *Wheeler v. State*, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002); *Burks v. State*, 227 S.W.3d 138, 144 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd).

or subsequent admonishment from the Court, often in front of the jury." Those admonishments, according to Sims, were noticed by the jury and prejudiced the jury against him.

During one instance, the trial court stated, "[Counsel], we've had a number of discussions off the record regarding your client's conduct. Could you please visit with him again about him making statements and comments in open court[?]" The record shows that counsel complied with the trial court's request, and for a time, Sims appeared to remain in control of his behavior.

Sims also points to a particular instance when the victim in the case spoke directly to Sims while she was testifying, stating, "You're not coming back no more. You're not going to ruin my life no more. I'm tired. I can't take the mental abuse anymore." Sims complains that he was not allowed to respond or object to her direct statements to him. The record shows, however, that Sims' counsel objected to the testimony as nonresponsive. The trial court sustained the objection and then instructed the witness to "[j]ust answer [the] question."

There were some instances when the trial court attempted to address Sims' behavior outside the presence of the jury. At one point when Sims was mumbling out loud, the trial court interrupted the witness' testimony and asked counsel to approach the bench. The trial court then stated, "[T]his is the third time since we started that your client continues to spit or laugh and make noises. Even right now he's talking -- muttering under his breath and making comments directed towards the jury." The court continued, "I will ask that you do your best to stop him from doing that. I know you will." As to that specific incident, Sims maintains the trial court "[improperly] admonished [him] in front of the jury for attempting to *participate* in a trial which he had the absolute right to

3

do so." (Emphasis added). Despite Sims' contention, we fail to see how spitting, laughing, or making noises in front of a jury could be construed as "participating" in the proceedings.

Moreover, during the State's closing argument, Sims was "sobbing loudly and mumbling," prompting the trial court to call defense counsel and the State to the bench and speak with them outside the hearing of the jury. The trial court stated,

> [Counsel], your client is inconsolable. He is crying and sobbing out loud and calling out Jesus' name and so on and so forth. He indicated the desire to leave the courtroom a moment ago. The deputy stopped him. If he wants to leave, he certainly can do so. It's entirely up to him . . . .

A trial court has the power and obligation to control the courtroom for the purposes of ascertaining the truth, promoting judicial economy, and protecting witnesses. Rule 611(a) of the Texas Rules of Evidence states:

> The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

TEX. R. EVID. 611(a). In a similar vein, this Court has previously recognized that, "[a]lthough the trial judge has the inherent power to control the orderly proceedings in the courtroom, he should always be careful not to jeopardize the rights of the parties by criticizing or embarrassing [them] in front of the jury." *Gonzales v. State*, 2 S.W.3d 600, 607 (Tex. App.—Texarkana 1999, pet. ref'd). "Nonetheless, to constitute reversible error, a comment by the trial judge must be calculated to injure the rights of the accused or it must appear from the record that the accused has not had a fair and impartial trial." *Id.* (citing *Billings v. State*, 725 S.W.2d 757, 763 (Tex. App.—Houston [14th Dist.] 1987, no pet.)).

4

Here, the trial court made repeated attempts—over the course of the trial—to ensure that Sims acted in a nondisruptive fashion and in accordance with the procedural and evidentiary requirements of the forum. Based on the remarks made here, we cannot say that they were calculated to injure Sims' rights or that Sims did not have a fair and impartial trial because of them. We therefore find that these remarks did not deprive Sims of a "substantial right" and that any alleged error in their making was harmless.

We overrule Sims' point of error.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     July 29, 2019
Date Decided:       July 31, 2019

Do Not Publish